NYGAARD, Circuit Judge,
dissenting.
The majority’s exclusive focus upon mutual mistake, and the intent of Illinois National and Jet Aviation is, I respectfully submit, misplaced. There is no mutual mistake here, only negligence and ignorance — neither of which is a legitimate basis for an equitable reformation of the contract. The insurer made changes to its policy, and negligently sold the altered policy to the insured, who was ignorant of the changes. Although Jet Aviation facilitated the procurement of Wyndham’s air *234 craft insurance coverage with Illinois National, this fact does not eliminate the general contractual obligations of the insurer to the insured. As written, the Endorsement-expressing the aircraft insurance coverage purchased by Wyndham— extended the indemnification of Jet Aviation’s policy with Illinois National to insure the non-owned aircraft of the “Named Insured.” The Endorsement explicitly references Wyndham as a “Named Insured.” The insurer indemnified the insured on these terms and these words are binding.
As we have previously stated, New Jersey law insists that insurance policies are to be interpreted according to their “plain, ordinary meaning.” Colliers Lanard, & Axilbund v. Lloyds of London, 458 F.3d 231, 236 (3d Cir.2006) (quoting Nav-Its, Inc. v. Selective Ins. Co. of America, 183 N.J. 110, 869 A.2d 929, 933 (2005)). The plain meaning of a contract can be overridden only in rare, exceptional circumstances. Id. Moreover, while I do not read any patent or latent ambiguity here, in such instances policies generally “should be construed to sustain coverage.” President v. Jenkins, 180 N.J. 550, 853 A.2d 247, 254 (2004). There is simply no support in state law for the conclusion that the insurer’s failure to read the plain language of its own policy before issuing it to the insured justifies supplanting these well-accepted tenets of contract and insurance law with considerations of equity to reform the contract. This is particularly so where, as here, the insurer seeks reformation post-loss. Judge Brown analyzed these issues thoroughly and reasonably. For these reasons, I respectfully dissent.